**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
BILL LASKARIS,

                    Plaintiff,

       - against -

HOME DEPOT U.S.A., INC., et al.

                 Defendants.
------------------------------------------------------------X

                            **ORDER**

                            CV 07-3355 (RJD) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

          Plaintiff Bill Laskaris, ("Laskaris") filed this personal injury action against

defendants Home Depot U.S.A., Inc. ("Home Depot") and Black & Decker (U.S.) Inc. ("Black &

Decker") in the Supreme Court of the State of New York, County of Kings, on June 25, 2007.

*See* Docket Entry ("DE") 1 (including, among other documents, Black & Decker's Notice of

Removal ("Notice") and Laskaris's Verified Complaint ("Complaint")).  On August 14, 2007,

Black & Decker filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the

case to this court.  For the reasons set forth below, I find that Black & Decker has not satisfied its

burden of establishing that this court has original jurisdiction, and in that it has failed sufficiently

to demonstrate that the amount in controversy exceeds $75,000.  I therefore order the action

summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4).

*See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

       A.     <u>Removal Procedures Generally</u>

          A defendant may remove from state court to federal court any civil action of which the

federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Upon such removal, the federal

court in which the notice is filed must examine it "promptly."  28 U.S.C. § 1446(c)(4).  "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

B. The Effects Of New York's Procedural Law On Removal To Federal Court

Laskaris's complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case

like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that on October 29th, 2004, while at a Home Depot store, Johnson was struck by items from a Black & Decker merchandise display, Complaint ¶ 11 – the Complaint employs boilerplate language to assert the extent of his injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. *Id.* ¶¶ 14-16.

In describing Laskaris's injuries, the Complaint's most specific allegation is that he "sustained severe and serious personal injuries and ... suffered pain, shock [and] mental anguish." *Id.* ¶ 12. Although I can infer from this allegation that Laskaris may seek a substantial recovery if the defendants' liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "upon information and belief the amount in dispute in this action exceeds the sum of $75,000.00." Notice ¶ 6. Thus, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that Laskaris seeks as a result of his injuries – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendants' burden to establish the existence of federal jurisdiction. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

Black & Decker is not without recourse. The same state law provision that prohibited Laskaris from including an allegation in his complaint that might support a sufficient notice of

removal also provides a procedural mechanism by which Black & Decker can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Black & Decker was free to take advantage of that provision before seeking to remove the case, and it will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[1]

Nor is Black & Decker prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the

---

[1] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to defendants in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).[2]

C.    Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring Black & Decker to seek both the consent of its co-defendant as well as supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Black & Decker will need to find out the extent of the damages that Laskaris claims to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If Black & Decker learns that Laskaris seeks damages in excess of $75,000, it may seek to reopen the case in this court and Laskaris will have to bear the burdens associated with the removal (provided that Home Depot, if it has by then entered an appearance in the case, consents to that removal). On the other hand, if

_____

[2] Had Black & Decker complied with the statutory scheme set forth in C.P.L.R. § 3017(c), not only would have been in a position to ascertain the existence of federal jurisdiction, but it would also have given its co-defendant Home Depot a fair opportunity to exercise its right to veto such removal. While there is no express statutory requirement that defendants unanimously consent to removal, "there is widespread agreement ... that 'all named [defendants] must join in the removal petition for removal to be proper.'" *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (quoting *Town of Moreau v. State Dep't of Envtl. Conservation*, 1997 WL 243258, at *2 (N.D.N.Y. May 5, 1997)). The Notice gives no indication of whether Home Depot has consented to removal or that its consent is unnecessary because it has thus far failed to appear.

it turns out that Laskaris does not claim more than $75,000 in damages (or that Home Depot opposes removal), then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it.  *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action.  For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand.  *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections it may have to this decision with the district judge assigned to this case.  As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A).  The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls.  As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law.

*See, e.g., Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Black & Decker will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for Black & Decker to file any objections it may have. Under the pertinent rules, a stay until September 4, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should Black & Decker actually pursue such relief, it may of course apply to me or to the district judge for a further stay pending resolution of its objections.[3]

D.      Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Kings County. In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until September 4, 2007.

       **SO ORDERED.**

Dated: Brooklyn, New York
       August 15, 2007

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge

---

[3]  In addition, if Black & Decker can establish the propriety of its removal before the stay elapses, either by virtue of information provided by the other parties or some alternate means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.